1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

VU M. HOANG,

Case No. 09-cv-0896-JCC-JPD

9

Plaintiff,

10

REPORT AND RECOMMENDATION

v.

11

12

MICHAEL J. ASTRUE, Commissioner of
the Social Security Administration,

13

Defendant.

14

15

16                    I.        INTRODUCTION AND SUMMARY CONCLUSION

17            Plaintiff Vu M. Hoang appeals the final decision of the Commissioner of the Social

18     Security Administration ("Commissioner") which denied his applications for Disability

19     Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI

20     of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an

21     administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that

22     the Commissioner's decision be REVERSED IN PART and REMANDED for further

23     administrative proceedings.

24                    II.        FACTS AND PROCEDURAL HISTORY

25            Plaintiff is a 43-year-old man with a second grade education.  Administrative Record

26     ("AR") at 78, 86.  His past work experience includes employment as a baker, cabinet finisher,

REPORT AND RECOMMENDATION
PAGE - 1

caregiver, fish cleaner and fish processor.  AR at 83.  Plaintiff was last gainfully employed in 2005.  AR at 60, 83, 121.

On February 28, 2006, Plaintiff filed a claim for SSI payments and an application for DIB, alleging an onset date of November 13, 2005.  AR at 65.  Plaintiff asserts that he is disabled due to HIV.  Dkt. No. 12 at 2.

The Commissioner denied Plaintiff's claim initially and on reconsideration.  AR at 51. Plaintiff requested a hearing which took place on April 17, 2008.  AR at 401.  On May 19, 2008, the ALJ issued a decision finding Plaintiff disabled for a closed period from January 1, 2006 to August 10, 2007, but finding Plaintiff not disabled thereafter.  AR at 18-28.  The ALJ denied benefits after the closed period based on his finding that Plaintiff could perform a specific job existing in significant numbers in the national economy.  *Id.*  On April 27, 2009, after reviewing additional evidence, the Appeals Council denied Plaintiff's request for review, AR at 5, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g).  On June 30, 2009, Plaintiff timely filed the present action challenging the Commissioner's decision.  Dkt. No. 1.

### III.   JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

### IV.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 201 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in

REPORT AND RECOMMENDATION
PAGE - 2

medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## V.    EVALUATING DISABILITY

As the claimant, Plaintiff bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

REPORT AND RECOMMENDATION
PAGE - 3

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g),

---

[1] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION
PAGE - 4

1    416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable

2    to perform other work, then the claimant is found disabled and benefits may be awarded.

3                                   VI.      DECISION BELOW

4           On May 19, 2008, the ALJ issued a decision finding the following:

5    1.      The claimant met the insured status requirements of the Social
             Security Act as of January 1, 2006, the date the claimant became
6            disabled.

7    2.      The claimant engaged in substantial gainful activity from November
             13, 2005, the alleged onset date, through December 31, 2005.  He has
8            not engaged in substantial gainful activity since January 1, 2006.

9
10   3.      At all times relevant to this decision, the claimant has had the
             following severe impairments: HIV infection and hepatitis.

11
12   4.      From  January 1, 2006 through August 10, 2007, the period during
             which the claimant was disabled, the claimant did not have an
13           impairment or combination of impairments that met or medically
             equaled an impairment listed in 20 CFR Part 404, Subpart P,
14           Appendix 1.

15   5.      After careful consideration of the entire record, I find that, from
             January 1, 2006 through August 10, 2007, the claimant had the
16           residual functional capacity to perform sedentary work as defined in
             20 CFR 404.1567(a) and 416.967(a) except he could only occasionally
17           climb ramps and stairs and could not climb ladders, ropes or scaffolds.
             He should avoid concentrated exposure to pulmonary irritants and
18           hazards.  He could not work on a sustained basis, 40 hours per week,
             because of medication side effects.
19

20   6.      From January 1, 2006 through August 10, 2007, the claimant was
             unable to perform past relevant work.
21
22   7.      The claimant was born on ████████, 1966[2] and was 39 years old,
             which is defined as a younger individual age 18-44, on the alleged
23           disability onset date.

24   8.      The claimant is not able to communicate in English, and is considered
             to be in the same category as an individual who is illiterate in English.
25

26           [2]   The actual date of birth is deleted in accordance with Western District of
     Washington Local Rule CR 5.2.

REPORT AND RECOMMENDATION
PAGE - 5

9.   Because he could not work on a full-time basis, the claimant's acquired job skills do not transfer to other occupations within the residual functional capacity assessed for the period from January 1, 2006 through August 10, 2007.

10.   From January 1, 2006 through August 10, 2007, considering the claimant's age, education, work experience, and residual functional capacity, there were no jobs that existed in significant numbers in the national economy that the claimant could have performed.

11.   The claimant was under a disability, as defined by the Social Security Act, from January 1, 2006 through August 10, 2007.

12.   Medical improvement occurred as of August 11, 2007, the date the claimant's disability ended.

13.   Beginning on August 11, 2007, the claimant has not had an impairment or combination of impairments that meets or medically equals one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1.

14.   After careful consideration of the entire record, I find that, beginning on August 11, 2007, the claimant has had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), with the postural and environment limitations noted in Finding 5.

15.   The medical improvement that has occurred is related to the ability to work.

16.   Since August 11, 2007, the claimant's age category has not changed.

17.   Beginning on August 11, 2007, the claimant has been unable to perform past relevant work.

18.   Beginning on August 11, 2007, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

19.   Beginning on August 11, 2007, considering the claimant's age, education, work experience, and residual functional capacity, the claimant has been able to perform a significant number of jobs in the national economy.

REPORT AND RECOMMENDATION
PAGE - 6

1    20.    The claimant's disability ended on August 11, 2007.

2    AR at 22-28.

3                           VII.    ISSUE ON APPEAL

4    The principal issue on appeal is whether the ALJ erred in his interpretation of Social

5    Security Ruling 93-2p.  Dkt. Nos. 12 at 2-8; 13 at 5-10; 15 at 2-6.

6                             VIII.    DISCUSSION

7    A.    The ALJ Erred in His Interpretation of Social Security Ruling 93-2p.

8    The ALJ held that HIV cases that meet a listing have a 12-month duration requirement.

9    However, the language of Social Security Ruling ("SSR") 93-2p makes plain that HIV cases

10   that meet a listing do *not* have a 12-month duration requirement:

> . . . an individual who has an impairment that meets or equals
> one of the listed criteria required in listing 14.08 or 114.08 (the
> HIV listings) has an impairment that is considered permanent or
> expected to result in death.  Accordingly, if an individual has an
> HIV infection of this severity, a separate finding on the duration
> of the impairment is not required, and the evidence required
> under sections 404.1525(a) and 416.925(a) of the regulations
> showing that the impairment has lasted or is expected to last for a
> continuous period of at least 12 months is not necessary.

17   SSR 93-2p, *available at* 1993 WL 409835.  Notwithstanding this plain language, the ALJ

18   refused to accept that there is no duration requirement for HIV cases meeting a listing,

19   concluding instead that SSR 93-2p only applies to cases in which the HIV impairment

20   "currently meets" a listing.  AR at 24.

21   There is no basis to reach the ALJ's conclusion from the plain language of SSR 93-2p.

22   The only reasonable conclusion is that SSR 93-2p eliminated the duration requirement with

23   respect to HIV cases that meet a listing.  Nowhere in SSR 93-2p does language appear

24   concerning *when* a claimant's HIV impairment must meet a listing to avoid the duration

25   requirement.  If a claimant must have a listed HIV impairment as of particular point in time in

26   order to avoid the duration requirement, it follows that SSR 93-2p would have included

REPORT AND RECOMMENDATION
PAGE - 7

1 | language specifying when that critical point in time is.  Absent such language, the Court can

2 | only conclude that a claimant's HIV impairment may meet a listing at any time to avoid the

3 | duration requirement.

4 |       Moreover, the ALJ's interpretation does not withstand even basic scrutiny.  What does

5 | the ALJ mean by "currently meets" a listing?  At the time of the claimant's application for

6 | disability benefits?  At the time of the administrative hearing?  Or at the time the ALJ's

7 | decision is issued?  If, for example, the ALJ means at the time of the hearing, a claimant's HIV

8 | impairment would or would not be subjected to the duration requirement depending on

9 | arbitrary circumstances.  To illustrate, suppose a claimant met an HIV listing at the time of his

10 | application for disability benefits.  Suppose further that he eventually began experiencing

11 | medical improvement in his condition.  Then, whether the claimant's HIV impairment would

12 | be subjected to the duration requirement would depend on how long it took his claim to work

13 | through the administrative process.  If he swiftly received a hearing, his HIV impairment

14 | would likely still meet an HIV listing at the time of hearing and it would not be subjected to

15 | the duration requirement.  Conversely, if several months passed before he received a hearing,

16 | his HIV impairment may no longer meet a listing by the time of the hearing, and,

17 | consequently, it would be subjected to the duration requirement.  Whether or not a claimant's

18 | HIV impairment is subject to the duration requirement is significant because it will determine

19 | whether the Commissioner must establish medical improvement before revoking benefits.

20 |       Turning to the instant case, the ALJ stated in his decision that Plaintiff "likely met an

21 | HIV listing under section 14.08 for a brief period," although the ALJ did not specify which

22 | HIV listing.  AR at 23.  In addition, the ALJ did not conclusively determine whether Plaintiff

23 | in fact met an HIV listing, leaving the matter vague and uncertain by stating that the Plaintiff

24 | "likely" met an HIV listing.  *Id.*  In any case, if in fact Plaintiff met an HIV listing, according

25 | to Social Security Ruling 93-2p, the duration requirement did not apply to Plaintiff's HIV

26 | condition, and the ALJ could not deny benefits unless he determined that Plaintiff experienced

REPORT AND RECOMMENDATION
PAGE - 8

medical improvement as set forth in the regulations.  However, because the ALJ improperly held that the duration requirement did apply, and because he found that Plaintiff's listed HIV impairment did not satisfy the 12-month duration requirement, he denied benefits without first determining whether Plaintiff experienced medical improvement.[3]  This was error that requires reversal.

On remand, the Appeals Council shall assign a different ALJ to this matter.  The new ALJ shall make a determination as to whether Plaintiff's HIV ever met or equaled one of the listed criteria required in listing 14.08.  If so, the ALJ must then determine whether Plaintiff has experienced medical improvement in his HIV condition, pursuant to the sequential evaluation process in the applicable regulations, before denying benefits.  *See* 20 C.F.R. § 404.1594(f), 20 C.F.R. § 416.994(b)(5).  If warranted, the ALJ is directed to develop the medical record further.

IX.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED IN PART and REMANDED for further administrative proceedings.  The Court recommends that the portion of the ALJ's decision finding that Plaintiff was disabled for a closed period from January 1, 2006 to August 10, 2007 be AFFIRMED.  A proposed order accompanies this Report and Recommendation.

DATED this 2nd day of April, 2010.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

---

[3]   Although the ALJ found Plaintiff disabled for a 19-month closed period, he determined that Plaintiff's disability was due to medication side effects which precluded full time work, not Plaintiff's HIV condition.  AR at 24-25.

REPORT AND RECOMMENDATION
PAGE - 9